# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | | |
|---|---|---|
| James E. Banks, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13cv926 (LMB/IDD) |
| | ) | |
| Shawn D. Fowlkes and Kevin L. Hall, | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION

James E. Banks, currently a Virginia inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983 pro se, principally alleging that he was the victim of excessive force during his former incarceration at the Richmond City Jail ("RCJ"). The matter is now before the Court on a Motion for Summary Judgment filed by the two defendants remaining in the lawsuit, Captain Kevin L. Hall and Sergeant Shawn D. Fowlkes of the Richmond City Sheriff's Department. Dkt. 46. Defendants submitted a supporting Memorandum of Law with exhibits, and provided plaintiff with the notice required by Local Rule 7(k) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Dkt. 47-48, and plaintiff filed a reply captioned as his objection to the motion for summary judgment. Dkt. 50. Accordingly, this matter is now ripe for disposition.[1] For the reasons which follow, the Motion for Summary Judgment will be granted, and summary judgment will be entered in favor of the defendants. Plaintiff's Motion for Discovery will be denied as moot, and his Motion for Reconsideration will be denied.

---

[1] On October 3, 2014, two attorneys entered their appearances on behalf of plaintiff. Dkt. 53-54. However, in the six weeks that have passed since they entered this civil action, counsel have neither responded to the Motion for Summary Judgment nor have they requested more time to respond. Accordingly, the motion is ripe for resolution.

## I. Background

Briefly, plaintiff alleged in the initial complaint that on August 2, 2012, he was ordered to stand in a hallway outside the mess hall at RCJ. After plaintiff failed to hear and thus to comply with Major Whitt's order to return to his housing unit, Captain Hall "charged at" plaintiff, directed Sgt. Fowlkes to close the door to plaintiff's housing unit so plaintiff could not enter, told plaintiff to "stop crying," and punched plaintiff multiple times. Sgt. Fowlkes "slammed" plaintiff into a wall to apply handcuffs, and Major Whitt observed the incident but did nothing. Plaintiff allegedly put up no resistance, was dragged down a hallway and placed in a cell, where Sgt. Fowlkes maliciously and sadistically caused plaintiff pain while removing handcuffs. Plaintiff allegedly felt panic and sustained "a busted nose, mobility impairment and pains in his neck and upper and lower back, rib pains, head and facial pains and contusions, and blurred vision and dizziness." Compl., Att. ¶ 13. Although plaintiff was seen in the medical unit he "was not provided any medical attention at all," and his injuries allegedly were not documented.[2]

Plaintiff was charged with the disciplinary infractions of disobeying a direct order and conduct that disrupts the performance of duties. Compl., Att. ¶ 18. After a disciplinary hearing, plaintiff was found guilty and received "punitive confinement." He was released to the custody of Virginia Beach on August 23, 2012, and the doctor at that facility allegedly prescribed muscle relaxers for plaintiff's ongoing neck and back pain.

Plaintiff named Captain Hall and Sgt. Fowlkes as defendants in connection with his claim of excessive force, and named Major Whitt as a defendant because Whitt allegedly

---

[2]Notably, plaintiff never articulated a claim in this action that he was denied medical care, and no medical worker was named as a defendant.

observed the beating but did nothing to intervene. Plaintiff also asserted a claim that he was denied due process in his disciplinary proceeding, and in a subsequent letter to the court he stated that he wished to add Sheriff C. T. Woody as a defendant because Woody allegedly had knowledge of inmate abuse at RCJ but failed to educate employees that it is wrong. Dkt. 3.

By an order dated September 30, 2013, deficiencies in the initial complaint were explained, and plaintiff was allowed an opportunity to particularize and amend his allegations. Dkt. 6. Plaintiff submitted an amended complaint on October 28, 2013. After reviewing the record, the claims against Sheriff Woody and Major Whitt, as well as the claim that plaintiff did not receive due process in the disciplinary proceeding, were dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. In addition, a claim of unconstitutional conditions of confinement which plaintiff alleged for the first time in the amended complaint also was dismissed pursuant to § 1915A. Dkt. 20.

On May 21, 2014, defendants Hall and Fowlkes filed a Motion to Dismiss Under Local Rule 3 or Alternatively, Motion to Transfer Venue. Dkt. 38. Defendants argued that venue for this action is improper in the Alexandria Division of this court, and that the complaint accordingly should be dismissed pursuant to Local Rule 3 or transferred to the Richmond Division in the event a hearing or trial was set. By an order dated June 10, 2014, the motion was denied without prejudice to renewal if appropriate, and defendants were given 30 days in which to file a properly-supported Motion for Summary Judgment if they believed such a motion was appropriate. Dkt. 42. Defendants filed the instant Motion for Summary Judgment on July 10, 2014, arguing that plaintiff's claim is time-barred, unexhausted, and without merit. Dkt. 46-47. Plaintiff has filed a reply. Dkt. 50. For the following reasons, defendants' motion will be

granted, and summary judgment will be entered in their favor.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. " [T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no

material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

A. <u>The claim is not time-barred</u>

Defendants argue first that plaintiff's claim of excessive force is time-barred because it was filed "after the one-year statutory limitations period expired for personal actions arising out of 'conditions of confinement.'" Def. Mem. at 3. Specifically, defendants contend that the statute of limitations applicable to plaintiff's claim was one year, as prescribed by Va. Code § 8.01-243.2, which governs personal actions brought by Virginia inmates regarding the conditions of their confinement. Defendants are mistaken.

There is no federal statute of limitations for § 1983 claims, but 42 U.S.C. § 1988(a) authorizes federal courts to borrow state limitations periods when not inconsistent with federal law. Owens v. Okure, 488 U.S. 235, 239 (1989). The Court in Okure held specifically that "courts considering § 1983 claims should borrow the general or residual [state] statute for personal injury actions." Id. at 250; accord, Wilson v. Garcia, 471 U.S. 261, 280 (1985). Virginia has a two-year statute of limitations for personal injury claims pursuant to Virginia Code. § 8.01-243(A), which is the applicable limitations period for this action. See Shelton v. Angelone, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001) ("[U]nder Wilson and Okure, the court must apply the two year limitation period set forth in § 8.01-243(A) to all § 1983 actions arising in Virginia, whether or not the plaintiff is confined in prison when he files the lawsuit."), aff'd, 49 F. App'x 451 (4th Cir. Oct. 30, 2002) (unpublished), cert. denied sub nom. Shelton v.

5

Johnson, 538 U.S. 964 (2003).[3]

Although the limitations period in § 1983 actions is borrowed from state law, "the question of when a cause of action accrues under ... § 1983 remains one of federal law." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975)). Causes of action accrue under federal law when the plaintiff "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. (citing United States v. Kubrick, 444 U.S. 111, 122-24 (1979). In this case, the events giving rise to plaintiff's claim occurred on August 2, 2012, and his cause of action accordingly accrued on that date. The initial complaint was filed on or about July 18, 2013,[4] well within the applicable two-year limitations period. Therefore, the claim is not time-barred.

B. The claim is not exhausted

Defendants' argument that plaintiff's claim is barred because he failed to exhaust

---

[3] The court in Shelton expressly rejected the argument defendants make here: "Under Wilson and Owens, this court cannot find it appropriate to borrow the statute of limitations found in Virginia Code 8.01-243.2 in addressing § 1983 actions filed by prisoners in Virginia." 148 F.Supp.2d at 677. Indeed, one of the cases upon which defendants rely expressly undercuts their position. In Billups v. Carter, 268 Va. 701, 604 S.E.2d 414 (2004), the trial court held as defendants contend here that the statute of limitations applicable to § 1983 actions brought by prisoners was one year, as prescribed by Va. Code 8.01-243.2. However, the Supreme Court of Virginia reversed that determination, holding instead that "§ 1983 actions brought in Virginia courts are governed by the two-year limitation prescribed by [Virginia's personal injury statute]. Accordingly, the plaintiff's 1983 actions were timely because they were brought within two years after [defendant's] last assault upon her." Billups, 604 S.E.2d at 419.

[4] A pleading submitted by an incarcerated pro se litigant is deemed filed when the prisoner delivers his pleading to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, plaintiff signed and notarized the complaint on July 18, 2013, and in the absence of evidence to the contrary the court presumes that it was delivered to prison authorities for mailing that same day. The complaint was date-stamped as received by the Clerk on July 29, 2012.

available administrative remedies fares better. Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). The PLRA requires "proper" exhaustion, which demands "compliance with an agency's deadlines and other critical procedural rules." Woodford, 548 U.S. at 90-91, 93. In the context of prisoner suits, proper exhaustion provides prisons the opportunity to correct their errors before being hauled into federal court, reduces the quantity of prisoner suits by either granting relief at the administrative level or persuading prisoners not to further pursue their claim in a federal court, and improves the quality of the prisoner suits that are filed in federal court by creating an administrative record for the court to reference. Id. The benefits of proper exhaustion are only realized if the prison grievance system is given a "fair opportunity to consider the grievance" which will not occur "unless the grievant complies with the system's critical procedural rules." Id. at 95; see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Thus, this circuit holds that a prisoner cannot exhaust his administrative remedies by failing to follow all required procedural steps. Moore, 517 F.3d at 725, 729.

When, as here, a Virginia prisoner is confined in a local jail, before bringing an action in federal court he must receive a response to his properly-filed grievance and, if unsatisfactory, he must pursue it through all available levels of appeal before presenting that claim in federal court. In this action, defendants have supplied the affidavit of Captain Daniel A. Goodall, Sr., the

records custodian for the Richmond City Sheriff's Office, who attests that the attached records are "true and accurate reproduction and copies" of the grievance forms filed by Banks "during the period between the initial date of the Inmate Grievance Forms and current." The affidavit was executed on July 9, 2014. Def. Ex. 2. Attached to the affidavit are two (2) inmate grievances initiated by plaintiff. On July 30, 2012, plaintiff submitted a grievance stating that his cell was infested with roaches and asking that it be sprayed. Id., Att. 1. In a second grievance also dated July 30, 2012, plaintiff stated that upon his arrival at RCJ on July 5 he had provided medical staff with records concerning his food allergies but he had not been placed on a special diet. Id., Att. 2.

Plaintiff supplied copies of two additional grievances as exhibits to the amended complaint. On August 7, 2012, he submitted a grievance concerning some missing belongings and requested to be provided with a tooth brush. Dkt. 10, Exh. The sole grievance which arguably may have referenced the subject matter of this lawsuit allegedly was filed on August 18, 2012, 16 days after the alleged incident; however, it contained no mention whatever of excessive force being applied to plaintiff:

> I spoke with Srgt. Gassfield on the morning of the 17th of August and he told me that his paperwork stated that I has assaulted [sic] an officer and I never assaulted anyone not an officer or an inmate. Someone is falsefying [sic] records deliberately to make me suffer for no reason trying to make it as hard for me as they can and I've never done anything to be treated in this way[.] Again this is unlawful - cruel and unusual punishment the original incident report does not say I assaulted anyone and my lawyer has that report and internal affairs also.

Id. As relief, plaintiff sought "to know who wrote the statement that I assaulted a staff member and for it to be changed because I did not do anything like that to an officer nor an inmate."

8

There is no indication on the copy of the grievance plaintiff has provided that it was responded to by prison officials, and plaintiff effectively admits that it was not, because he states that the August 7 grievance seeking a toothbrush "was the (only) grievance responded to." Dkt. 10, Ex. at unnumbered p. 1.

In his unsworn "objection" to the defendants' summary judgment motion, plaintiff does not dispute that he failed to file grievances regarding defendants' alleged use of excessive force. Instead, he asserts that he "did try to exhaust all institutional remedies but was purposely thwarted from doing so." Plf. Obj. at unnumbered p. 3. Plaintiff states that when he failed to receive responses to his grievances he "wrote a letter to witness Brenda Littleton who has been a Government enforcer for over 15 years." Ms. Littleton "called Internal Affairs at the Jail," which prompted Officer Lawson go to see plaintiff. Lawson told plaintiff "he would understand if [plaintiff] was too afraid to speak up since he was still incarcerated at the jail." Id. Plaintiff told Lawson that he did want to make a video statement, but Lawson never came back. Id. Plaintiff also attempted to swear out complaints before a magistrate at the Northern Neck regional Jail but the magistrate rejected the warrants, thereby "purposefully allowing the file time for assault to expire." Id.

Proper administrative exhaustion requires that "a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004). As has been recognized previously in this district, "the PLRA amendment made [it] clear that exhaustion is now mandatory." Langford v. Couch, 50 F.Supp.2d 544, 548 (E.D. Va. 1999) (Ellis, J.). A prisoner now must exhaust all available administrative remedies, whether or not they meet federal standards or are plain, speedy or

9

effective. Porter v. Nussle, 534 U.S. 516, 524 (2002). Moreover, an inmate now must exhaust administrative remedies, even if exhaustion would be futile because those remedies would not provide the relief the inmate seeks. Davis v. Stanford, 382 F.Supp.2d 814, 818 (E.D. Va. 2005) (Hilton, J.), aff'd, 127 Fed. App'x 680 (4th Cir. May 10, 2005).

In this case, defendants have submitted evidence demonstrating that plaintiff failed to exhaust administrative remedies as to his present claim of excessive force, and plaintiff thereafter failed to carry his burden to show a disputed issue of fact on that point. Cf. Liberty Lobby, 477 U.S. at 248. Plaintiff's reply is legally insufficient to oppose defendants' motion for summary judgment, as it is unsworn and does not subject plaintiff to the penalty of perjury for any misstatements. Fed. R. Civ. P. 56(e); see United States v. White, 366 F.3d 291, 300 (4th Cir. 2004) (unsworn argument does not constitute evidence to be considered in opposition to summary judgment motion); Price v. Rochford, 947 F.2d 829, 832 (7th Cir. 1991) (verification based on personal knowledge or information and belief is insufficient to oppose a motion for summary judgment because it avoids the possibility of perjury). Even if the reply had been sworn, plaintiff's alleged efforts to give a video statement and to swear out complaints against the defendants, taken as true, do not suffice to comply with the exhaustion requirement.

Lastly, plaintiff's repeated, conclusory assertions that his efforts to exhaust his claim were "thwarted" by RCJ officials are unpersuasive. Plaintiff provides no meaningful details to explain the manner in which this occurred, nor has he supplied a copy of any grievance he allegedly filed regarding the incident in question. Moreover, the record appears to belie his contention. According to plaintiff, he was booked into RCJ on July 5, 2012, Dkt. 10 at "pg. 1," and was released to the custody of Virginia Beach on August 23, 2012. Compl., Att. ¶ 18. During the

approximately six weeks plaintiff was incarcerated at RCJ, he filed at least two grievances that received responses, as demonstrated by defendants' exhibits. Accepting as true plaintiff's assertion that he actually submitted the two additional grievances he has supplied to the court, it is apparent that he was being allowed to use the grievance procedure at RCJ. No reliable evidence has been supplied to suggest that if plaintiff had submitted a grievance concerning defendants' alleged use of excessive force, it would not have been processed by RCJ officials. Accordingly, plaintiff has failed to show that the administrative process was unavailable to him. Cf. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

Because plaintiff has failed to follow the mandatory requirement to fully and properly exhaust his claim that defendants used excessive force against him, defendants' motion for summary judgment will be granted on that basis. The Court will not reach defendants' alternate argument that plaintiff's Eighth Amendment claim fails on the merits, because plaintiff's failure to exhaust the claim administratively divests the federal court of jurisdiction to entertain it. Woodford, 548 U.S. at 85.

### IV. Plaintiff's Motions

Plaintiff has filed a motion for discovery and inspection of video footage of the alleged incident of excessive force, as well as any complaints of assault or abuse filed against the defendants. Dkt. 44. Because the excessive force claim cannot proceed, as discussed above, plaintiff's motion will be denied as moot.

Plaintiff also has moved for reconsideration of the dismissal of his claim against Sheriff Woody pursuant to Fed. R. Civ. P. 60(b)(2). Dkt. 49. Plaintiff asserts that he has obtained newly-discovered evidence in the form of an affidavit by another RCJ inmate, Jamonta Battle,

which demonstrates that "Sheriff C. T. Woody encourages physical abuse upon inmates." Id. at 2. Review of Battle's statement, which was signed under penalty of perjury and is attached to plaintiff's motion, reveals that Battle allegedly witnessed Captain Hall and Colonel Burnett gratuitously "beating and assaulting inmates" on the same date plaintiff allegedly was victimized. According to Battle, he heard Captain Hall say that he had "permission from up high to knock us out where we stand," and he surmised that "the permission they say they had could only come from one person which is The Sheriff." Because this speculative assertion is insufficient to state a claim against Sheriff Woody either as a direct participant in the events at issue or by virtue of his supervisory position, plaintiff's Motion for Reconsideration will be denied.

### V. Conclusion

For the foregoing reasons, the Motion for Summary Judgment will be granted, and judgment will be entered in favor of the defendants. Plaintiff's Motion for Discovery and Inspection will be denied as moot, and his Motion for Reconsideration will be denied by an appropriate Order to be issued with this opinion.

Entered this 20th day of November 2014.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge